IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMIAH PHILLIPS, 1512530,    ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | No. 3:13-CV-2576-B |
| ) | |
| WILLIAM STEPHENS, Director, Texas    ) | |
| Dept. Of Criminal Justice, Correctional    ) | |
| Institutions Division,    ) | |
| Respondent.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

In 2008, Petitioner was convicted of aggravated sexual assault and sentenced to a sixty-year term of imprisonment. *State v. Phillips*, No. F07-48164 (292nd Judicial District Court, Dallas County, Apr. 25, 2008), *aff'd*, *Phillips v. State*, No. 05-08-00801-CR (Tex. App. – Dallas Feb. Apr. 2, 2009, pet. ref.) (unpublished). On September 16, 2009, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Ex parte Phillips*, PD-0634-09. On

October 21, 2010, Petitioner filed a state habeas application, which the Texas Court of Criminal Appeals denied on April 6, 2011.  *Ex parte Phillips*, No. WR-75,594-01.

On November 10, 2011, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Phillips v. Thaler*, No. 3:11-CV-3107-P (N.D. Tex.).  On July 31, 2012, the district court dismissed the petition as time-barred.  On May 6, 2013, the Fifth Circuit Court of Appeals denied the petition for certificate of appealability.

On June 24, 2013, Petitioner filed the instant Rule 60(b) motion.  He argues he received ineffective assistance of counsel when counsel failed to convey and/or investigate a plea offer from the state.  Petitioner states his claim is based on the recent Supreme Court opinions in *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

## II.  Discussion

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b).  Petitioner's motion attempts to assert claims attacking his state court judgment.  A Rule 60(b) motion which raises claims for relief from the state court judgment, instead of challenging defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b).  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Court also recommends that Petitioner's motion for injunctive relief be DENIED.

Signed this 18th day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).